OTA & HARA
A LIMITED LIABILITY LAW COMPANY

WILLIAM N. OTA        6947-0
Davies Pacific Center
841 Bishop Street, Suite 1620
Honolulu, Hawaii 96813
Tel. No. (808) 532-1728
Fax No. (808) 532-1729
wota@ota-hara.com

Attorney for Plaintiff
MONIQUE BRYAN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MONIQUE BRYAN,<br><br>            Plaintiff,<br><br>     vs.<br><br>METROPOLITAN LIFE INSURANCE COMPANY,<br><br>            Defendant. | CIVIL NO.<br><br>COMPLAINT FOR LONG-TERM DISABILITY INSURANCE BENEFITS<br><br>(Employee Retirement Income Security Act of 1974, 29 U.S.C. §1132(a)(1)(B)) |

COMES NOW Plaintiff, Monique Bryan ("Plaintiff"), with a complaint for long-term disability insurance benefits and alleges against Metropolitan Life Insurance Company ("MetLife" or "Defendant") as follows:

## I.   CAUSE OF ACTION

1.1   This action is brought on behalf of Plaintiff, pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA"). Plaintiff seeks to recover from Defendant all unpaid Long-Term Disability ("LTD") benefits pursuant to the terms of the Stanford Hospital and Clinics Health & Welfare Plans ("LTD Plan") provided by MetLife through Plaintiff's employer, Stanford Hospital and Clinics ("Stanford"), pursuant to 29 U.S.C. § 1132(a)(1)(B). Plaintiff seeks these remedies, prejudgment and post-judgment interest, plus her costs and reasonable attorney fees pursuant to 29 U.S.C. § 1132(e)(1), (f), and (g).

## II.   IDENTIFICATION OF PLAINTIFF

2.1   At all times material herein, Plaintiff was a resident of California.

2.2   At all times material herein, Plaintiff was employed by Stanford Hospital and Clinics.

2.3    At all times material herein, Stanford Hospital and Clinics offered the LTD Plan to its employees as part of an employee welfare benefit plan pursuant to ERISA, 29 U.S.C. § 1002(1).

2.4    At all times material herein, Plaintiff was a participant under the LTD Plan.

### III.   IDENTIFICATION OF DEFENDANT

3.1    At all times material herein, Stanford Hospital and Clinics was the plan administrator of the LTD Plan pursuant to ERISA, 29 U.S.C. § 1002(16)(A).

3.2    At all times material herein Stanford Hospital and Clinics was the sponsor of the LTD Plan pursuant to ERISA, 29 U.S.C. § 1002(16)(B).

3.3    At all times material herein, MetLife was the claims administrator of the LTD Plan, within the meaning of ERISA, 29 U.S.C. § 1002(16)(A).

3.4    The LTD Plan is a fully insured LTD plan, and MetLife is wholly responsible for any judgment Plaintiff may obtain through this complaint.

### IV.   JURISDICTION AND VENUE

4.1    Jurisdiction is conferred on this court by ERISA, 29 U.S.C. § 1132(e)(1), (f), and (g), which gives the United States district courts jurisdiction to

hear civil actions brought to recover plan benefits, as well as other declarative relief and attorney fees and costs, under ERISA.

    4.2    Venue is proper is this district court pursuant to ERISA, 29 U.S.C. § 1132(e)(2), and pursuant to 28 U.S.C. § 1391.

### V.    FACTS SUPPORTING CLAIM

    5.1    Around November 12, 2012, Plaintiff applied for short-term disability benefits from the Plan.

    5.2    Plaintiff's claim was related to a diagnosis of suicidal ideation, major depressive disorder, and anxiety.

    5.3    Around December 12, 2012, MetLife denied Plaintiff's request for short-term disability benefits.

    5.4    Around December 29, 2012 Plaintiff appealed MetLife's denial of short-term disability benefits.

    5.5    Around February 14, 2013, MetLife approved Plaintiff's claim for short-term disability benefits through November 21, 2012, but terminated her benefits beyond that date.

    5.6    Around March 7, 2013, Plaintiff appealed MetLife's termination of benefits beyond November 21, 2012.

    5.7    Around April 11, 2013, MetLife determined Plaintiff was eligible for short-term disability benefits through February 14, 2013.

5.8    Around May 3, 2013, Plaintiff appealed MetLife's decision to deny short-term disability benefits beyond February 14, 2013.

5.9    Around July 19, 2013, MetLife reversed its previous decisions and reinstated Plaintiff's short-term disability benefits.

5.10   Around August 7, 2013, Plaintiff applied for LTD benefits from the plan.

5.11   Around October 7, 2013, MetLife approved Plaintiff's request for LTD benefits.

5.12   Around March 12, 2014, MetLife terminated Plaintiff's LTD benefits.

5.13   Around May 12, 2014, Plaintiff appealed MetLife's termination of LTD benefits.

5.14   Around September 24, 2014, MetLife upheld its termination of Plaintiff's LTD benefits on the basis that her file did not support functional limitations due to a psychiatric condition.

5.15   Around January 27, 2015, Plaintiff appealed MetLife's decision to uphold its termination of LTD benefits.

5.16   Around April 10, 2015, MetLife reinstated benefits through May 25, 2014, but upheld its termination of Plaintiff's LTD benefits beyond that date.

5.17   Around May 27, 2015, Plaintiff appealed MetLife's decision to terminate LTD benefits beyond May 25, 2014.

5.18   Around July 8, 2015, MetLife upheld its decision to terminate Plaintiff's LTD benefits beyond May 25, 2014.

5.19   Plaintiff has complied with all contractual requirements of the LTD Plan, including but not limited to the submission of sufficient medical proof of her ongoing medical condition.

5.20   Defendant has wrongfully denied Plaintiff's claim for benefits.

5.21   Defendant's wrongful denial was and still is violation of ERISA, 29 U.S.C. § 1132(a)(1)(B).

5.22   As a direct and proximate result of Defendant's wrongful denial of LTD benefits Plaintiff has been damaged in the amount of each unpaid monthly benefit from May 25, 2014 through date of judgment.

5.23   As a direct and proximate result of Defendant's wrongful denial of LTD benefits Plaintiff is entitled to recovery of pre-judgment interest, which is accruing on each unpaid monthly benefit payment from May 25, 2014 through date of judgment.

5.24   As a direct and proximate result of Defendant's wrongful denial of LTD benefits Plaintiff has incurred attorney fees and costs that are recoverable pursuant to ERISA, 29 U.S.C. § 1132(g)(1).

**WHEREFORE,** Plaintiff prays for judgment against Defendant as follows:

    A.    For the gross amount of each unpaid monthly benefit payment from May 25, 2014 through date of judgment pursuant to ERISA, 29 U.S.C. § 1132(a)(1)(B);

    B.    For a declaration that Defendant breached their fiduciary duty to Plaintiff by wrongfully denying Plaintiff's claim, and estopping Defendant from continuing to deny Plaintiff's claim;

    C.    For a declaration that Plaintiff is entitled to receive her full monthly benefit under the LTD Plan for as long as she remains disabled under the LTD Plan;

    D.    For Plaintiff's attorney fees and costs pursuant to ERISA, 29 U.S.C. § 1132(g)(1);

    E.    For pre-judgment and post-judgment interest; and

    F.    For such further relief as the court deems just and equitable.

DATED:    Honolulu, Hawaii, August 25, 2016.

*/s/ William N. Ota*
WILLIAM N. OTA

Attorney for Plaintiff
MONIQUE BRYAN